**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE LUIS CAMACHO,<br><br>     Plaintiff,<br><br> v.<br><br>200 GRAMATAN PARTNERS LLC, and MENACHEM M. AUGENSTEIN,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

   Plaintiff JOSE LUIS CAMACHO ("Plaintiff") hereby files this Complaint against Defendants 200 GRAMATAN PARTNERS LLC (the "Corporate Defendant") and MENACHEM M. AUGENSTEIN (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants"), and states as follows:

## INTRODUCTION

   1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, and (4) attorneys' fees and costs.

   2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages,

(3) unpaid spread of hours premiums, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3.  Plaintiff additionally alleges that Defendants unlawfully retaliated against him for raising complaints regarding Defendants' failure to properly compensate him in violation of the FLSA and the NYLL, and seeks to recover from Defendants: (1) economic damages, (2) punitive damages, (3) compensatory damages, (4) damages for egregious emotional distress, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.  Plaintiff JOSE LUIS CAMACHO is a resident of Westchester County, New York. Specifically, Plaintiff was a live-in superintendent for an apartment building owned by Defendants in Westchester County.

7.  Corporate Defendant 200 GRAMATAN PARTNERS LLC is a limited liability company duly organized under the laws of the State of New York with a principal place of business located at the connected addresses of 200 Gramatan Avenue and 2 North Street, Mt. Vernon, NY 10550, and a service of process address located at 1175 Grand Concourse, Suite GR4, Bronx, NY 10452.

8.  Individual Defendant MENACHEM M. AUGENSTEIN is the principal and executive officer of Corporate Defendant, exercises operational control as it relates to all

employees including Plaintiff. MENACHEM M. AUGENSTEIN exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, MENACHEM M. AUGENSTEIN exercised functional control over the business and financial operations of Corporate Defendant. MENACHEM M. AUGENSTEIN had the power and authority to supervise and control Plaintiff's employment, and could reprimand employees.

9. This Court has personal jurisdiction over Defendants in that they are incorporated in the state of New York or operate their headquarters from the State of New York.

10. Corporate Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of each Defendant handles goods and materials produced outside of New York (tools, cleaning supplies, and other items) that have moved in interstate commerce, and the Defendants are thus employers subject to the jurisdiction of the FLSA.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and any Regulations thereunder.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

**Wage and Hour Allegations:**

14. In or around 2009, Plaintiff was hired to work as a live-in Superintendent for the building on 2 North Street, Mount Vernon, NY 10550, by its previous owners. In or around June 2022, Defendants purchased the property from its prior owners and took over as Plaintiff's employer. Plaintiff's employment was terminated on May 1, 2023.

15. Once Defendants purchased the building and began to employ Plaintiff, except to the extent Defendants permitted him to reside in an apartment in the building rent free, Defendant refused to compensate Plaintiff for any of his work.

16. Despite not receiving any compensation, Plaintiff was scheduled to work seven (7) days per week, on the following schedules: (i) three (3) hours per day for five (5) days, Mondays to Fridays, from 5:00 p.m. to 8:00 p.m., and (ii) Fifteen (15) hours per day for two (2) days, Saturdays and Sundays, from 7:00 a.m. to 10:00 p.m., for a total of forty-five (45) hours per week.

17. From in or around June 2022 until the end of his employment, Plaintiff received no compensation from Defendants despite working 7 days a week for Defendants.

18. Throughout Plaintiff's employment by Defendants, Plaintiff was never compensated overtime pursuant to the FLSA.

19. Through Plaintiff's employment by Defendants, he was never compensated for his work pursuant to NYLL, including NYLL's Building Wage Order of 12 N.Y.C.R.R. § 141.

20. Throughout Plaintiff's employment by Defendant, he was never compensated for any spread of hours premiums for workdays lasting more than ten hours.

21. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff for any earned wages pursuant to NYLL or the FLSA.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the proper overtime rate for all hours worked in excess of forty (40) in each workweek.

23. Defendants knew that Plaintiff worked for 7 days a week, as Defendants were the ones to require such work. Defendants knew that despite requiring such work they were not compensating Plaintiff at all for this work. Further, Defendants knew that Plaintiff was scheduled to work over forty (40) hours per week, as Defendants were the ones to create such schedules. Defendants therefore knew that any failure to pay wages would also include the failure to pay overtime wages.

24. Throughout Plaintiff's employment by Defendants, Plaintiff did not receive wage statements that were in compliance with the NYLL.

25. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

26. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff. Defendants' conduct actually harmed Plaintiff. Defendants' failure to provide paystubs listing all

5

hours and rates of pay, including overtime hours and overtime rates, deprived Plaintiff of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff's rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under state law. Defendants' failure to provide a wage notice to Plaintiff allowed Defendants to hide their responsibility and deprive Plaintiff of timely compensation.

27. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from Plaintiff, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members. This delayed payment caused Plaintiff to struggle to timely pay bills. Class members similarly struggle to timely pay debts due to Defendants' continued attempts to hide wrongdoing from Plaintiff.

28. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

**Plaintiff's Retaliation Claims:**

29. While Plaintiff raised consistent complaints regarding his lack of wages throughout his employment by Defendants, in or around early April 2023, Plaintiff retained Lee Litigation Group, PLLC ("Plaintiff's Attorneys") to recover his unpaid wages.

30. On April 25, 2023, an employee of Plaintiff's Attorneys' office, mailed a demand letter and tolling agreement to Corporate Defendant's address. This demand letter informs Defendants of Plaintiff's Attorneys' desire to investigate Plaintiff's claims without potentially protracted litigation, and requests Plaintiff's time and pay records. It additionally includes contact

information for Plaintiff's attorneys. Further, the demand letter cautions Defendants to not perform any unlawful retaliatory acts towards Plaintiff and warns of the legal repercussions of doing so.

31. Defendants were provided with three weeks to contact Plaintiff's Attorneys to discuss Plaintiff's claims and/or to provide any of Plaintiff's time and pay records without litigation. Instead, on May 1, 2023 (six days after the mailing of the demand), Defendants sent a notice to Plaintiff, notifying him that his employment was terminated and that he must vacate his residence immediately.

32. Defendants terminated and evicted Plaintiff due to his repeated complaints regarding the lack of payment and due to Plaintiff's attorney's attempts to recover his unpaid wages.

33. Defendants knowingly and willfully violated Plaintiff's rights under the FLSA and the NYLL by retaliating against Plaintiff due to Plaintiff's attempts to recover his unpaid wages which were lawfully due under the FLSA and the NYLL.

34. Since Plaintiff was served with eviction papers demanding he move out of his home of 14 years immediately without time to secure an alternative residence, Defendants have completely upended Plaintiff's life. As a result, Defendants' actions have caused egregious emotional distress to Plaintiff.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## **STATEMENT OF CLAIM**

### **COUNT I**

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

36. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

40. At all relevant times, Defendants had a policy and practice that failed to pay the minimum wage to Plaintiff for all hours worked , in violation of the FLSA.

41. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

42. Records, if any, concerning the number of hours worked by Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages including unpaid overtime wages, plus an equal amount as liquidated damages.

47. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§ 2 and 651.

50. Defendants knowingly and willfully failed to pay Plaintiff the full amount of regular wages in violation of the NYLL.

51. Defendants knowingly and willfully failed to pay Plaintiff any wages, in violation of the NYLL, including 12 NYCRR 141.

52. Defendants knowingly and willfully failed to pay Plaintiff his spread of hours premiums for shifts worked in excess of ten (10) hours, in violation of the NYLL.

53. Defendants knowingly and willfully failed to provide Plaintiff with proper wage statements as required under the NYLL.

54. Defendants knowingly and willfully failed to provide Plaintiff with proper wage and hour notices as required under the NYLL.

55. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid spread of hours premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

56. Plaintiff realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

58. Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this Act."

59. As alleged herein, Plaintiff was terminated and evicted by Defendants due to seeking recovery of his unpaid wages that were due under the FLSA, in violation of Section 15(a)(3).

60. This retaliatory conduct was in willful disregard of the provisions of the FLSA.

61. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff suffered damages in the form of lost earnings and egregious emotional distress. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, damages for egregious emotional distress, back pay, front pay, and attorneys' fees and costs.

## COUNT IV

### RETALIATION UNDER THE NEW YORK LABOR LAW

62. Plaintiff realleges and incorporates all the foregoing paragraphs of this class and collective action Complaint as if fully set forth herein.

63. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

64. Defendants willfully violated Plaintiff's rights under the NYLL by retaliating against Plaintiff by terminating his employment and evicting him, after seeking the recovery of unpaid wages that were due under the NYLL.

65. Defendants' actions constitute a violation of Section 215 of the NYLL. In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter,</u> or any order issued by the commissioner. . . . (emphasis added).

11

66. As alleged herein, Plaintiff was terminated and evicted by Defendants for seeking recovery of his unpaid wages that were due under the NYLL, in violation of Section 215(a).

67. This retaliatory conduct by Defendants was in willful disregard of the provisions of the NYLL.

68. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of lost earnings and egregious emotional distress. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, damages for egregious emotional distress, back pay, front pay, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages, due under the FLSA and the NYLL;

d. An award of unpaid overtime wages, due under the FLSA and the NYLL;

e. An award of unpaid spread of hours premiums, due under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

h.  An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

i.  An award of back pay, front pay, compensatory damages, punitive damages, damages for egregious emotional distress, and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the FLSA and the NYLL;

j.  An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.  Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representative of the Class; and

n.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: June 15, 2023                                                Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:  */s/ C.K. Lee*
C.K. Lee, Esq. (CL 4086)

148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1180
Fax: (212) 465-1181
*Attorneys for Plaintiff*